# Supreme Court of Texas

═══════

No. 25-0010

═══════

Boren Descendants and Royalty Owners,

*Petitioners*,

v.

Fasken Oil and Ranch, Ltd.; Fasken Land and Minerals, Ltd.;
and Fasken Royalty Investments, Ltd.,

*Respondents*

═══════════════

On Petition for Review from the
Court of Appeals for the Eleventh District of Texas

═══════════════

*and*

═══════

No. 25-0012

═══════

The Mabee Ranch Royalty Partnership, L.P.; 315 MR, Inc.;
93 JM, Inc.; Rock River Minerals, LP; Primitive Petroleum, Inc.;
Austen Campbell, Co-Executor of the Estate of William Scott
Campbell; Janet Campbell, Co-Executor of the Estate of William
Scott Campbell; Osado Properties, Ltd.; and Judith Guidera,
Trustee of the Morrison Oil & Gas Trust,

*Petitioners,*

v.

Fasken Oil and Ranch, Ltd.; Fasken Land and Minerals, Ltd.; and Fasken Royalty Investments, Ltd.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Eleventh District of Texas

**PER CURIAM**

Justice Devine and Justice Hawkins did not participate in the decision.

In oil-and-gas cases involving deeds with double fractions, there are two "distinct paths" to establishing a party's interest: "the construction of the original deed and the presumed-grant doctrine." *Van Dyke v. Navigator Grp.*, 668 S.W.3d 353, 359 (Tex. 2023). This case implicates both paths and comes to us through two petitions for review that challenge a single judgment. The court of appeals reviewed only the deed-construction path, however, because it mistakenly concluded that it lacked jurisdiction to reach the presumed-grant doctrine. We have also recently clarified the law with respect to the merits issue that the court of appeals did reach: interpreting deeds involving double fractions. *See Clifton v. Johnson*, ___ S.W.3d ___, 2026 WL 705763 (Tex. Mar. 13, 2026). We accordingly grant the petitions for review, reverse the court of appeals' judgment as to jurisdiction, vacate the judgment on

the merits, and remand the case to the court of appeals for a fresh consideration of the merits.

**I**

Under a 1933 deed, Fasken holds a reserved "undivided one-fourth (1/4th) of the usual one eighth (1/8th) royalty in and to all oil, gas and other minerals in, to, and under or that may at any time hereafter be produced from" certain lands. For about 85 years, the parties to the deed and their successors treated the instrument as reserving a fixed 1/32 royalty interest. Fasken's representative agreed that "for 85 years, the Faskens treated the royalty on the Mabee Ranch as a 1/32nd," that the royalty "did not float" for 85 years, and that the royalty never changed from 1/32 for 85 years. Fasken also admitted that it "has paid taxes on a .03125 [1/32] royalty interest" and that it has never paid taxes on a greater royalty interest. Fasken further admitted that it was "not aware of any of Fasken's Predecessors-in-Interest ever describing the [nonparticipating royalty interest] as anything other than a 1/32nd (or 3.125% or other mathematical equivalent) royalty interest."

In 2019, Fasken filed this suit and alleged that the deed actually reserved a floating 1/4 royalty interest. The trial court granted partial summary judgment in Fasken's favor, agreeing with Fasken's deed construction and finding, among other things, that the defendants had produced no evidence that the presumed-grant doctrine applies. The trial court authorized a permissive appeal from the summary-judgment orders and identified two controlling questions of law:

3

1. Whether the 1933 Deed reserved to Plaintiffs a floating 1/4th royalty under applicable leases[] or a "fixed" non-participating royalty interest of 1/32nd (.03125).

2. Whether Plaintiffs are barred from claiming in this lawsuit that their non-participating royalty interest is anything other than a fixed 1/32nd (or 0.03125) by Defendants' affirmative defenses of waiver, division order estoppel/estoppel by contract, judicial estoppel, estoppel by deed, limitations, ratifications, and/or quasi-estoppel, as asserted in Defendants' Cross-Motions on Affirmative Defenses.

The court of appeals "affirm[ed] that part of the trial court's partial summary judgment, which found that the 1933 deed reserved to Fasken a floating 1/4 royalty interest under any applicable leases." 703 S.W.3d 874, 886 (Tex. App.—Eastland 2024). It also affirmed as to the affirmative defenses of estoppel, waiver, ratification, and limitations. *Id.* at 886-92, 895.

The court held, however, that it lacked jurisdiction to consider the presumed-grant doctrine because "[t]he issue of the presumed-grant defense is not included within the list of issues that the trial court identified in its order permitting an interlocutory appeal." *Id.* at 892. Finally, the court reversed the trial court's denial of Mabee Ranch's summary-judgment motion on the issue of Fasken's cause of action for breach of contract. *Id.* at 893-94.

The Boren descendants filed a petition for review in cause number 25-0010, and the Mabee Ranch parties filed a petition in cause number 25-0012.

4

## II

We begin with jurisdiction. The court of appeals declined to consider the presumed-grant doctrine because the trial court did not specifically identify that doctrine in its order certifying a permissive appeal. *See id.* at 892.

The court rightly expressed its obligation to remain within its jurisdictional boundaries. In this instance, however, the court's concern that its jurisdiction was lacking was misplaced. Once a trial court has authorized a permissive appeal that an appellate court accepts, the appellate court should resolve the appeal "according to the same principles as any other appeal, including addressing all fairly included subsidiary issues and ancillary issues pertinent to resolving the controlling legal issue." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 147 (Tex. 2022). That principle applies because it is the *order* that is reviewed on appeal, "and the rules of appellate procedure preclude a strict construction of issues presented on appeal." *Id.*

The jurisdictional inquiry, therefore, does not begin and end with whether the trial court expressly referenced the presumed-grant doctrine within its certification order. Rather, the question is whether that issue was among the "fairly included subsidiary issues and ancillary issues" in that order. *Id.* We hold that it was.

The orders on appeal in this case included the grant of Fasken's no-evidence summary-judgment motion rejecting the presumed-grant doctrine. One of the controlling issues of law was whether an affirmative defense barred the plaintiffs from asserting that their interest "is anything other than a fixed 1/32nd." The presumed-grant doctrine, if it

5

applies, would establish that Fasken holds a fixed 1/32 royalty interest. Closing our eyes to the doctrine—"giving the parties half a loaf"—would be inefficient and would "thwart[] the prudential and salutary purpose of the power the Legislature has granted" by allowing permissive appeals. *Id.*

Beyond that, the legal context of this case makes it especially clear that the presumed-grant doctrine is properly within the scope of the appeal. As we recently reiterated, "the double-fraction presumption sits alongside the presumed-grant doctrine." *Clifton*, 2026 WL 705763, at *5. "Both prongs, albeit in entirely distinct ways, ask the same question: *who owns this property today?*" *Id.* It is hard to imagine how a properly lodged presumed-grant-doctrine issue could be severed from an appeal involving the textual analysis of a deed.

Thus, the court of appeals' jurisdiction was secure despite the trial court's omission of any specific reference to the presumed-grant doctrine in its order authorizing a permissive appeal. We therefore reverse the judgment of the court of appeals as to its conclusion that it lacked jurisdiction to reach that issue.

### III

When parties contest mineral-interest ownership in cases like this one, *Clifton* clarified not only the scope of the double-fraction presumption but also the need for courts to consider both the relevant instrument's text and, if properly raised, the presumed-grant doctrine. We accordingly vacate the judgment of the court of appeals as to the merits, *see* TEX. R. APP. P. 60.2(f), which leaves that court free to assess

6

the parties' arguments as to both prongs. We express no view as to the correct outcome under either of them.

As we reiterated in *Clifton*, "when the presumed-grant doctrine clearly applies, 'a court could dispense with the deed-construction analysis' altogether." 2026 WL 705763, at *6 (quoting *Van Dyke*, 668 S.W.3d at 368 n.11). Whether this is such a case—and if it is, whether there is nonetheless a benefit to resolving the textual dispute—are also matters we leave in the first instance to the court of appeals. The parties have filed helpful and detailed letter briefs in this Court addressing *Clifton*'s application to this case. Those arguments should be presented to the court of appeals on remand.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petitions for review, reverse the court of appeals' judgment as to its purported lack of jurisdiction, vacate that court's judgment on the merits, and remand the case to the court of appeals for further proceedings. If that court concludes that the case may be resolved as a matter of law, it may render judgment. If the court concludes that the parties' dispute requires further factual development in the trial court, it may remand the case to that court. We express no further view as to any of these matters.

**OPINION DELIVERED:** April 24, 2026